ROSA HIRJI, ESQ. | SBN 204722
  *rosa@rkhlawoffice.com*
ALEX RODRIGUEZ | SBN 322700
  *alex@rkhlawoffice.com*
**LAW OFFICES OF HIRJI & CHAU, LLP**
5173 Overland Avenue
Culver City, CA  90230
Tel. (310) 391-0330 // Fax (310) 943-0311

*Attorneys for Plaintiff* JOHN DOE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>     Plaintiff,<br><br>v.<br><br>REGENTS OF THE<br>UNIVERSITY OF CALIFORNIA,<br>and DOES 1 through 10, inclusive,<br><br>     Defendants. | Case No.: [*unassigned*]<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR DISABILITY DISCRIMINATION** |

   Plaintiff JOHN DOE brings this action against Defendants REGENTS OF THE UNIVERSITY OF CALIFORNIA and DOES 1 through 10, alleging Defendants failed to accommodate a disabled student, resulting in disability-based discrimination. Plaintiff seeks monetary and non-monetary remedies to compensate him for his losses and injuries.

   In support of this Complaint for Damages and Injunctive Relief ( the "Complaint"), Plaintiff alleges as follows:

//

## **INTRODUCTION**

1.  Prior to entering the University of California San Diego ("UCSD") School of Medicine, Plaintiff JOHN DOE had an exemplary academic record, excelling in his undergraduate program at Purdue University, and master's programs at John Hopkins University and Yale University.

2.  In September 2012 JOHN DOE enrolled at UCSD School of Medicine, where for the first two years he proceeded at a normal schedule and was in good academic standing.

3.  On May 16, 2015, a drunk driver crashed into a vehicle that contained JOHN DOE, along with other students from UCSD School of Medicine. Two students died in this tragic accident. JOHN DOE suffered a fractured sternum, and a traumatic brain injury with loss of consciousness. He was subsequently diagnosed with a Specific Learning Disability, Post-Traumatic Stress Disorder, Post-Concussion Syndrome, and Specific Memory Difficulty.

4.  The accident derailed JOHN DOE's life, and the pace upon which he could complete his M.D. graduation requirements.

5.  Despite his challenges, by September 1, 2020, JOHN DOE had completed all of Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA graduation requirements with the exception of one medical licensing exam, the Step 2 examination, administered by the National Board of Medical Examiners ("NBME")

6.  However,  Defendants refused to allow him extra time to take and pass the Step 2 examination. On September 1, 2020, Defendants summarily dismissed JOHN DOE from the UCSD School of Medicine, effectively ending JOHN DOE'S medical career.

7.  Plaintiff JOHN DOE now brings this action alleging that Defendants discriminated against him on the basis of his disability, and seeks equitable relief and monetary damages.

**JURISDICTION AND VENUE**

8.  Plaintiff alleges violations of the Americans with Disabilities Act (42 U.S.C. §§12181 et seq.) ("ADA"), and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794 et seq.) ("Rehabilitation Act"), such that the jurisdiction of this Court is proper pursuant to 28 U.S.C. §§1331 and 1343.

9.  Plaintiff additionally alleges violations for Unruh Civil Rights Act ("Unruh Act")(Cal. Civ. Code §51(e)(1)), and California Government Code §11135, such the Court can properly exercise supplemental jurisdiction under 28 U.S.C. §1367.

10. Venue in this Court is proper under 20 U.S.C. §1391(b) because Defendant is located within San Diego County, which is within the jurisdiction of this district and all of the events that are the subject of this Complaint took place within the jurisdiction of this district.

**PARTIES**

11. Plaintiff John Doe is, and at all times pertinent to this Complaint has been, a natural person residing in the City of San Diego, County of San Diego, state of California.

12. Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA is, and at all times pertinent to this Complaint, has been a public corporation, empowered by Article IX, Section 9 of the California Constitution and oversees the ten universities within the University of California system. Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA resides in Alameda County, California, with its principal place of business at 1111 Franklin Street, Oakland, California 94607.

13. Plaintiff is ignorant of the true names of defendants DOES 1 through 10, inclusive ("Doe Defendants"), and therefore sue those defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege said defendants' true names and capacities as soon as Plaintiff ascertains them. Plaintiff is informed and believes, that a reasonable opportunity for further investigation

and discovery is likely to provide evidentiary support for the allegation and on the basis of such information and belief alleges, (1) that at all times herein mentioned, that Doe Defendants were, and each of them was, acting as a principal and as the duly authorized acting agent, and/or employee of each of Defendant; (2) that all acts and things herein alleged to have been done by the Doe Defendants were done on their own behalf, and on behalf of Defendant; and (3) that said acts were within the course and scope of their employment for Defendant.

## FACTS COMMON TO ALL CLAIMS

14. Prior to May 2015, JOHN DOE had an exemplary academic record, excelling in his undergraduate program, multiple Masters' programs, and two years of medical school at UCSD School of Medicine.

15. After a tragic May 16, 2015 motor vehicle accident, JOHN DOE suffered a fractured sternum, and a traumatic brain injury with loss of consciousness. He was subsequently diagnosed with a specific learning disability with impairment in reading fluency and rate, specific memory difficulty with free auditory recall only, and post-traumatic stress disorder.

16. JOHN DOE's condition substantially limits his life activities, including his ability to take test, learn, read, maintain concentration, and attend school.

17. At all times pertinent to this Complaint, JOHN DOE was a student eligible to be enrolled in the Defendant UCSD School of Medicine's programs and receive educational services.

18. Based on information and belief, Plaintiff alleges that as part of becoming a licensed medical practitioner in the United State, one must pass the United States Medical Licensing Examination ("USMLE"), which consist of three Step examinations administered by the National Board of Medical Examiners ("NBME"). The USMLE provides a common standard for evaluating applications for licensure. The total number attempts allowed per Step examination is four (4). In addition, California has a ten-year time limit for completing the three Step

1  examinations, which starts on the day one passes their first Step examination.

2      19. Based on information and belief, Plaintiff alleges that the UCSD School of

3  Medicine had an internal policy which required medical students to complete their

4  M.D. graduation requirements, including passing the Step 1 and Step 2

5  examinations, within six-years.

6      20. Throughout the time pertinent to this Complaint, and by virtue of his

7  disabilities, JOHN DOE required and continues to require accommodations, related

8  aids and services at school. Those accommodations include, but are not limited to,

9  time and half on examinations, including STEP examinations; extended time to

10  complete his M.D. graduation requirements, including STEP examinations; testing

11  in a quiet room; and the ability read text out loud to himself.

12  **Academic Excellence Prior to Entry into Medical School**

13      21. On or around May 2006, JOHN DOE graduated from Purdue University

14  with an undergraduate degree in Mechanical Engineering, and minors in Biological

15  Sciences, Electrical Engineering, and Computer Engineering with a grade point

16  average of 4.00.

17      22. On or around May 2007, JOHN DOE took the Medical College Admissions

18  Test ("MCAT") for the first time, and scored in the 83rd percentile.

19      23. On or around May 2008, JOHN DOE graduated from Johns Hopkins

20  University with a Master's of Science in Engineering with a grade point average of

21  3.86.

22      24. On or around October 2010, JOHN DOE graduated from Yale University

23  with a Master's of Business Association with a grade point average of 3.8.

24      25. On or around May 7, 2011, JOHN DOE took the MCAT for the second time,

25  and scored in the 91st percentile.

26  **Medical School**

27      26. Between September 2012 and September 2020, JOHN DOE was enrolled at

28  UCSD School of Medicine.

27. Between September 2012 and May 2013, JOHN DOE completed eighteen (18) courses toward his medical degree, was in good academic standing, and received all positive course evaluations from his professors.

28. Between June 14, 2014 and Summer 2015, JOHN DOE took a leave of absence to complete research associated with his Master's in Science at Johns Hopkins University, which resulted in a poster and paper being published. This was his 1st leave of absence, and unrelated to his subsequent disability.

29. On May 16, 2015, JOHN DOE, along with other students from UCSD medical school, were involved in a fatal motor vehicle accident when a drunk driver crashed into their vehicle. JOHN DOE suffered a fractured sternum, and a traumatic brain injury with loss of consciousness. This accident changed JOHN DOE's life, and the pace upon which he could complete his M.D. graduation requirements due to newly diagnosed disabilities.

30. Defendants were well aware of the highly publicized traumatic accident because it involved its students.

31. After the May 16, 2015 accident, JOHN DOE never returned to a full course load as he had been on during his first and second years of medical school.

32. During Summer 2015 quarter, JOHN DOE took one course, which he passed.

**2015-2016 School Year**

33. On August 13, 2015, JOHN DOE failed the USMLE Step 1 examination. This was his 1st attempt. As a result, the UCSD School of Medicine placed him on academic probation.

34. For the Fall 2015 quarter, JOHN DOE took five courses, which he passed.

35. On December 10, 2015, JOHN DOE obtained a private neuropsychological evaluation from Dr. Sarah A. Bohn. Dr. Bohn diagnosed him with a specific learning disability with impairment in reading fluency and rate, post-traumatic stress disorder, post-concussion syndrome, and specific memory difficulty with

1    free auditory recall only.

2    36. On or around December 2015, JOHN DOE provided a copy of the

3    December 10, 2015 Neuropsychological Evaluation to the UCSD School of

4    Medicine, and its employees, thus providing Defendants notice of his injuries,

5    disabilities, and need for accommodations.

6    37. On or around December 2015, JOHN DOE had an in-person meeting with

7    Dean Carolyn Kelly. During his meeting, Dean Kelly informed JOHN DOE that he

8    should not apply to the NBME for accommodations because he would likely not

9    receive accommodations on Step examinations.

10   38. On or around January 2016, JOHN DOE had an in-person meeting with

11   Dean Jess Mandel. JOHN DOE asked Dean Jess Mandel if he could apply for and

12   receive reasonable accommodations from the NBME, and still meet the UCSD

13   School of Medicine's timeline for graduation. Dean Mandel informed JOHN DOE

14   that he should not apply to the NBME for accommodations because it would take

15   too long to receive a response from the NBME, and he would not meet the UCSD

16   School of Medicine timeline for graduation.

17   39. The meetings with Dean Kelly and Dean Mandel deterred JOHN DOE from

18   seeking accommodations from the NBME, and/or accommodations from the

19   UCSD School of Medicine.

20   40. On or around January 3, 2016 until the Spring 2016 quarter, Plaintiff took a

21   2nd leave of absences from full-time curriculum due to his disability related needs.

22   During this time, JOHN DOE was actively seeking mental health treatment to treat

23   his newly diagnosed disabilities.

24   41. On May 12, 2016, JOHN DOE failed the USMLE Step 1 examination

25   without the support of accommodations. This was his 2nd attempt. As a result, the

26   UCSD School of Medicine placed him on academic probation subject to dismissal

27   for experiencing continued academic difficulty while on academic probation.

28   42. For the Summer 2016 quarter, Plaintiff took one course, which he passed.

**2016-2017 School Year**

43. On August 26, 2016, JOHN DOE petitioned the UCSD Standing and Promotions Committee ("SPC") to extend the six (6) year graduation policy as an accommodation for his disabilities.

44. On August 31, 2016, the SPC decided to not to hold a Review Hearing. Instead, after an informal meeting with JOHN DOE, it agreed to make an exception the UCSD School of Medicine's six-year policy on the time limit for completion of the M.D. requirements.

45. On September 1, 2016, the SPC informed JOHN DOE that they were aware he failed the USMLE Step 1 examination on his second attempt. In addition, the SPC informed him that his requested accommodation to extend the six-year graduation policy would be granted, and he would be provided seven years to complete his M.D. graduation requirements by June 2019.

46. Between September 18, 2016 and Summer 2017 quarter, JOHN DOE took a 3rd leave of absence, again due to his disability related needs. During this time, JOHN DOE was working with his therapist and attending outpatient programs as part of his newly diagnosed disabilities.

47. On November 7, 2016, the SPC held an informal meeting with JOHN DOE to discuss his plans to retake the Step 1, and complete his M.D. graduation requirements within 7 years. During the meeting, JOHN DOE informed the SPC that he was actively working to treat his mental health and disabilities. At no point during this meeting, did the SPC inform JOHN DOE that he could request accommodations from the UCSD School of Medicine and NBME to help complete his M.D. graduation requirements.

48. For the Summer 2017 quarter, JOHN DOE only took one course, which he passed.

//

//

**2017-2018 School Year**

49. For the 2017-2018 school year, JOHN DOE took eight courses as follows: he took three courses in the Fall 2017 quarter, he took 2 courses during the Winter 2018 quarter, and 3 courses in the Summer 2018 quarter.

50. Between March 27, 2018 to Summer 2018, Plaintiff took a 4th leave of absences, again due to his disability related needs. During this time, JOHN DOE worked with his mental health providers to treat his disabilities.

51. On August 12, 2017, JOHN DOE *passed* the USMLE Step 1 examination on his 3rd attempt.

52. On September 13, 2017, the SPC reviewed JOHN DOE's probation status, but decided that he would remain on academic probation until further notice.

53. On February 1, 2018, the UCSD Office for Students with Disabilities ("OSD") provided JOHN DOE the following requirements for accommodations: (1) "Extended test time (1.5 times the standard amount of time…); (2) Separate, quiet, distraction-reduced testing; and (3) "Extended time to complete program requirements and graduation requirements (petition required-student to complete all standard processes to obtain time limit extensions)." This was the first time that the UCSD School of Medicine provided him accommodations.

54. On March 6, 2018, the SPC decided to hold a Review Hearing because JOHN DOE had received an unsatisfactory grade in a course titled, Reproductive Medicine 401 while on academic probation.

55. On May 15, 2018, the SPC held a meeting to discuss JOHN DOE's academic standing. During this meeting, JOHN DOE informed the SPC that he was working with his mental health providers to develop study strategies and test-taking strategies to improve his ability to timely complete his M.D. graduation requirements. In addition, JOHN DOE informed SPC that for many of his medical examinations he was not readily provided his testing accommodations unless he specifically requested them from his instructors, which made him feel that there

1   was not an open dialog between him and UCSD School of Medicine.

2   **2018-2019 School Year**

3   56. For the 2018-2019 school year, JOHN DOE took three courses during the

4   Fall 2018 quarter.

5   57. On March 29, 2019, JOHN DOE failed the USMLE Step 2 examination.

6   This was his 1st attempt.

7   58. On April 22, 2019, JOHN DOE petitioned to the SPC requesting an

8   accommodation in the form of an additional year extension to the seven-year limit

9   to complete the M.D. graduation requirements.

10   59. On April 29, 2019, the SPC granted his extension to complete the M.D.

11   graduation requirements by May 30, 2020, providing him eight years to complete

12   his M.D. graduation requirements.

13   60. On May 14, 2019, JOHN DOE obtained a second private

14   neuropsychological evaluation from Dr. Bohn for purposes of re-evaluation. Dr.

15   Bohn diagnosed him with a specific learning disability, with impairment in reading

16   fluency and rate, post-traumatic stress disorder, and cyclothymia.

17   61. On December 17, 2019, JOHN DOE notified the NBME of his disabilities

18   and requested reasonable accommodations in the form of additional time to take

19   the USMLE Step 2 examination.

20   62. On or about December 18, 2019, Jennifer Cohen, NBME Disabilities

21   Services Specialist, notified him that his reasonable accommodation request was

22   incomplete and requested additional information, which JOHN DOE immediately

23   submitted.

24   63. On January 23, 2020, Susan Kelly, Senior Disability Specialist at UCSD

25   School of Medicine, provided a letter to the NBME documenting that UCSD was

26   providing JOHN DOE with academic accommodations and the reasons therein.

27   64. On March 26, 2020, JOHN DOE received a letter from the NBME Disability

28   Services denying his request for reasonable and appropriate accommodations.

65. On April 17, 2020, JOHN DOE petitioned to SPC a third extension to complete his M.D. graduation requirements because of the COVID virus outbreak.

66. On April 21, 2020, the UCSD School of Medicine sent out university wide email regarding extended deadlines to pass Step examinations due to Covid for all UCSD School of Medicine Students.

67. On May 4, 2020, the SPC, via email, extended JOHN DOE's deadline to complete the M.D. graduation requirements from June 30, 2020 to September 1, 2020.

68. On July 15, 2020, JOHN DOE took the Step 2 examination without the support of accommodations because he did not have additional time to appeal the NBME's denial of his request or to make a second request from the NBME given the imposed September 1, 2020 deadline. This was his 2nd attempt and he did not pass.

69. On August 14, 2020, JOHN DOE petitioned the SPC for additional time to graduate as a reasonable accommodation for his disability because his only remaining M.D. graduation requirement was to complete the Step 2 examination.

70. On August 27, 2020, the SPC at the UCSD sent a letter indicating that the deadline to complete his M.D. requirement was September 1, 2020.

71. On September 1, 2020, JOHN DOE Defendants dismissed Plaintiff from the UCSD School of Medicine without a Review Meeting.

72. On October 6, 2020, psychologist Dr. Mara Lynn Katzman wrote a letter to the SPC requesting that JOHN DOE be provide more time to take the Step 2 examination. In her letter, Dr. Katzman informed the UCSD School of Medicine that she had been working with JOHN DOE since January 12, 2016, and he continues to need accommodations due to his disability related needs.

73. On October 8, 2020, Clinical Professor Nancy Swerdlow Downs wrote a letter to the SPC requesting that JOHN DOE be provided an additional year until June 2021 to pass the Step 2 examination. In her letter, Dr. Swerdlow Downs

informed the UCSD School of Medicine that she has been working with JOHN DOE since January 14, 2016, and he continues to need accommodations due to his disability related needs.

74. On October 21, 2020, Dr. Bohn wrote a letter to the SPC requesting that JOHN DOE be provided additional time to complete his medical requirement, and that be allowed a third opportunity to take the USMLE Step 2 examination.

75. On October 31, 2020, JOHN DOE, via email correspondence, submitted an appeal of his dismissal to Dr. Steven R. Garfin, Interim Dean of the UCSD School of Medicine, pursuant to the UCSD School of Medicine's Appeal policy. As part of his appeal, JOHN DOE provided the University the letters from Dr. Katzman, Dr. Swerdlow Downs, and Dr. Bohn. JOHN DOE requested a reasonable accommodation to extend the time for him to complete his M.D. graduation requirements for an additional year to allow him to take his remaining requirement of passing the Step 2 examination.

76. On December 29, 2020, Dr. Garifn sent a letter notifying JOHN DOE that his appeal was denied. The letter informs JOHN DOE the following: "Upon review, our appeal to me does not contend that SPC procedure have not been appropriately adhered to, resulting in prejudiced deliberations, nor does it contend that SPC's decision was arbitrary and capricious. In addition, based upon my own review, I find no evidence that the SPC process was inappropriate. As you know, you were granted multiple extensions of the 6-year time limit to complete M.D. graduation requirements, but ultimately failed to meet the final deadline set by the committee. The record indicates that the Committee was aware of your individual circumstances and considered them. Thus, the SPC's decision was neither arbitrary nor capricious".

77. On June 3, 2021, the UCSD School of Medicine notified the NBME that Plaintiff was no longer a medical school student.

//

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR DISABILITY DISCRIMINATION**

78. Based on information and belief, Plaintiff alleges that in order to be eligible to take the Step 2 examinations, an examinee must be officially enrolled in, or a graduate of, a United States or Canadian medical school leading to M.D. degree.

79. On June 3, 2021, the NBME notified JOHN DOE that he was no longer eligible to take the USMLE Step 2 examination because he was no longer enrolled at UCSD School of Medicine.

80. Had JOHN DOE continued to be enrolled at UCSD School of Medicine, or graduated from UCSD School of Medicine, he would otherwise have been eligible to retake the Step 2 examination up to four times, and would have 10 years from the date he passed his Step 1 examination on August 12, 2017.

81. On July 12, 2022, JOHN DOE submitted a letter to the UCSD School of Medicine requesting that SPC overturn its decision to dismiss.

82. On July 12, 2022, the UCSD School of Medicine informed him that he had exhausted his administrative appeal rights, and that they would not reconsider their prior decisions regarding his enrollment.

83. After fully exhausting his administrative remedies, Plaintiff JOHN DOE now brings this action alleging that Defendants unlawfully discriminated against him on the basis of his disabilities by depriving him of his civil rights and denying him meaningful/equal access to services, programs, and activities offered at Defendant's UCSD School of Medicine, by (1) failing to timely engage in the interactive process after being notified of his disability and need for accommodation after December 2015, (2) failing to uniformly provide him reasonable accommodations for his medical examinations at the UCSD School of Medicine, and (3) failing to provide him reasonable accommodations to extend his time to complete his M.D. graduation requirements, or in the alternative, graduated him from the UCSD School of Medicine without passing his last requirement of the Step 2 examination.

84. Plaintiff seeks equitable relief and monetary damages.

1
2

### FIRST CLAIM OF RELIEF
### VIOLATIONS OF TITLE II OF THE ADA
### (By Plaintiff against All Defendants)

3   85. Paragraphs 1 through 84, inclusive, of this Complaint are incorporated by

4   this reference as though fully set forth herein.

5   86. Title II of the ADA provides in pertinent part: "[N]o individual with a

6   disability shall, by reason of such disability, be excluded from the participation in

7   or be denied the benefits of the services, programs or activities of public entity, or

8   be subject to discrimination by any such entity." 42 U.S.C. §12132.

9   87. At all times relevant to this action, Defendant UCSD School of Medicine

10  was and is a "public entity" within the meaning of Title II of the ADA and

11  provided a program, service or activity to the general public. 42 U.S.C. §12131(1).

12  88. By virtue of his disability as described in Paragraphs 15 through 16, 29

13  through 31, 35, and 60, inclusive, Plaintiff is a qualified individual with a disability

14  within the meaning of the ADA and regulations issued thereunder.

15  89. At all times relevant to this complaint, Plaintiff's disability substantially

16  limited his major life activities including his ability to learn, concentrate and attend

17  school.

18  90. Plaintiff required the accommodations related aids and services, described in

19  Paragraphs 20, 31, 40, 43, 45, 46, 50, 53, 58, 59, 61 through 65, 67, 69, 72 through

20  75, inclusive, in order to attend school, receive the benefit of Defendant UCSD

21  School of Medicine's services and programs, and ensure that he had meaningful

22  access to UCSD School of Medicine's programs comparable to the access provided

23  to non-disabled students.

24  91. Defendants knew about JOHN DOE's disability related needs because it was

25  placed on notice as described in Paragraphs 15, 29, 30, 35 through 40, 43 through

26  47, 50, 53 through 55, 58 through 60, 62, 64, 67, 69 through 76, inclusive.

27  92. Plaintiffs' requests to Defendant for a modification to their policy regarding

28  the time period to complete the M.D. graduation requirements was reasonable.

93. Defendants breached their duties under the ADA by excluding and/or denying Plaintiff the benefit of and/or participation in their programs and services by, among other things, failing to provide a full, equal and meaningful educational program.

94. Defendant breached its duties under the ADA by failing to provide Plaintiff with reasonable accommodations that he required to participate in its programs and discriminated against him when it dismissed him for seeking those accommodations as described in Paragraphs 15 through 20, and 69 through 82, inclusive.

95. Defendant breached its duties under the ADA by failing to make reasonable modifications to its rules and/or policies by not allowing Plaintiff to have additional time to complete his M.D. graduation requirements, which the only remaining requirement was passing the Step 2 examination, as described in Paragraphs 15 through 20, and 69 through 82, inclusive.

96. Defendants breached its duties under the ADA by failing to make reasonable modifications to its rules and/or policies regarding the timeline to complete the M.D. graduation requirements by not allowing Plaintiff to have four opportunities to take the Step 2 examination and 10 years to complete the Step examinations as allowed by the NBME as described in Paragraphs 15 through 20, and 69 through 82, inclusive.

97. Defendants breached its duties under the ADA by failing to make reasonable modifications to its rules and/or policies regarding the requirement to its M.D. graduation requirement by not allowing Plaintiff to graduate from UCSD School of Medicine without passing the Step 2 examinations as described in Paragraphs 15 through 20, and 69 through 82, inclusive.

98. Defendant breached its duties under the ADA by failing to timely engage in the interactive process to discuss reasonable accommodations in good faith after Plaintiff notified Defendants of his disability and need for accommodations on or

around December 2015 as described in Paragraphs 15, 16, 20, 29 through 31, 35 through 40, 43 through 47, 50, and 52 through 55, inclusive.

99. Defendant breached its duties under the ADA by failing to engage in the interactive process to discuss reasonable accommodations in good faith after Plaintiff notified Defendants of his disability and need for accommodations for additional time to pass the Step 2 examination to complete his M.D. graduation requirements as described in Paragraphs 15, 16, 20, 29 through 31, 35 through 40, 43 through 47, 50, 52 through 55, 58 through 60, 65, and 69 through 76, inclusive.

100.      Defendant breached its duties under the ADA by requiring Plaintiff to abide by the UCSD School of Medicine's graduation requirement policy as a condition for graduating medical school as described in Paragraphs 69 through 82, inclusive, which had the effect of discriminating against JOHN DOE on the basis of his disability. The Defendant's graduation policy resulted in Plaintiff being dismissed from the M.D. program even though he had otherwise met all but one requirement for graduation, which was to pass the Step 2 examination.

101.      Defendants acted with deliberate indifference in dismissing Plaintiff because Defendants knew that without a modification of its graduation policy, Plaintiff would not be able to timely complete his M.D. graduation requirements due to his need for, and lack of disability related accommodations; and/or due to his one (1) non-disability leave and three (3) disability leaves of absence which amounted to almost three (3) years of leave.

102.      Defendants breached their duties under the ADA by engaging in methods of administration that have discriminatory effect on individuals with disabilities.

103.      Plaintiff is informed, believes, and based on thereon alleges that Defendants committed the acts and omissions alleged herein with intent and/or reckless disregard and/or deliberate indifference to Plaintiff's rights.

104.      As a result of the foregoing, Plaintiff JOHN DOE suffered injury,

1    including, but not limited to, denial of equal and meaningful access to the benefits

2    of a public education and exclusion from the UCSD School of Medicine's

3    program. As a direct and proximate result of the aforementioned acts, Plaintiff did

4    not obtain the benefit of the tuition he paid to UCSD School of Medicine, has been

5    prevented from applying to other medical schools, has been prevented from

6    obtaining his medical license, and suffered future loss of earning capacity and

7    future lost wages.

8        105.    Plaintiff seeks equitable relief, nominal, special damages and general

9    damages as well as reasonable attorneys' fees and costs incurred.

10
                          **SECOND CLAIM OF RELIEF**
                    **VIOLATIONS OF REHABILITATION ACT**
11                     **(By Plaintiff against All Defendants)**

12       106.    Paragraphs 1 through 105 inclusive, of this Complaint are

13   incorporated by this reference as though fully set forth herein.

14       107.    Under the Rehabilitation Act, a qualified individual with a disability

15   may not, solely by reason of his disability, be subjected to discrimination, excluded

16   form participation in, or denied the benefits of, any program or activity receiving

17   Federal financial assistance. 29 U.S.C. § 794(a).

18       108.    Under the Rehabilitation Act, the phrase "program or activity"

19   includes UCSD School of Medicine which is principally engaged in the business of

20   providing education. 29 U.S.C. § 794(b)(3)(A)(ii).

21       109.    Upon information and belief, Plaintiff alleges that Defendants

22   receives federal funding, therefore, subjecting them to the Rehabilitation Act.

23       110.    The Rehabilitation Act provides that educational institutions are

24   required to provide a disabled student with reasonable accommodations to ensure

25   that the institution's requirements do not discriminate on the basis of the student's

26   disability. 34 C.F.R. §104.44(a).

27       111.    Plaintiff is otherwise qualified individual within the meaning of the

28   Rehabilitation Act and regulations issued thereunder because, although disabled,

he meets the academic and technical standards requisite to participate in the UCSD School of Medicine's education program.

112. At all times relevant to this complaint, Plaintiff's disability substantially limited his major life activities including his ability to take test, learn, read, maintain concentration, and attend school.

113. Plaintiff required the accommodations, related aids and services, described in Paragraphs 20, 31, 40, 43, 45, 46, 50, 53, 58, 59, 61 through 65, 67, 69, 72 through 75, inclusive, in order to participate in and benefit from the UCSD School of Medicine's services and programs, and ensure that he had meaningful access to the UCSD School of Medicine's programs comparable to the access provided to non-disabled students.

114. Defendants knew about Plaintiff's disability related needs because it was placed on notice as described in Paragraphs 15, 29, 30, 35 through 40, 43 through 47, 50, 53 through 55, 58 through 60, 62, 64, 67, 69 through 76, inclusive.

115. Plaintiff's requests for accommodations to Defendants M.D. graduation policy regarding the time period to complete the M.D. graduation requirements was reasonable given his disabilities.

116. Defendants denied Plaintiff the opportunity to participate in their school by failing to provide him with reasonable accommodations in the manner described in Paragraphs 15 through 20, and 69 through 82, inclusive.

117. Defendants discriminated against Plaintiff by failing to timely provide him with accommodations after being on notice of his disability as of December 2015 described in Paragraphs 15, 16, 20, 29 through 31, 35 through 40, 43 through 47, 50, and 52 through 55, inclusive.

118. Defendants discriminated against Plaintiff by failing to uniformly provide him with his accommodations the OSD afforded him on February 2018 as described in Paragraphs 15, 16, 20, 29 through 31, 35 through 40, 43 through 47, 50, 52 through 55, 58 through 60, 65, and 69 through 76, inclusive.

119.    Defendants discriminated against Plaintiff by failing to make reasonable accommodations to its rules and/or policies by not providing Plaintiff extended time to complete his M.D. graduation requirements, which the only remaining requirement was passing the Step 2 examination as described in Paragraphs 15 through 20, and 69 through 82, inclusive.

120.    Defendants discriminated against Plaintiff by failing to make reasonable accommodations to its rules and/or policies by not providing Plaintiff extended time to complete his M.D. graduation requirements due to his 1 (one) non-disability leave and three (3) disability leaves of absences which amounted to almost three (3) years of leave in total as described in Paragraphs 28, 40, 46, and 50, inclusive.

121.    Defendants discriminated against Plaintiff by failing to make reasonable accommodation to its rules and/or policies by not providing Plaintiff four opportunities to take the Step 2 examination and/or 10 years to complete the Step examinations as allowed by the NBME as described in Paragraphs 15 through 20, and 69 through 82, inclusive.

122.    Defendants discriminating against Plaintiff by failing to make reasonable accommodations to its rules and/or policies by not allowing Plaintiff to graduate from UCSD School of Medicine for completing all his graduation requirements except passing the Step 2 examination as described in Paragraphs 15 through 20, and 69 through 82, inclusive.

123.    Defendant discriminated against Plaintiff by dismissing him from their program effective September 1, 2020 because of his request and need for reasonable accommodations as described in Paragraphs 15 through 20, and 69 through 82, inclusive.

124.    Defendant discriminated against Plaintiff by dismissing him from their program effective September 1, 2020 because of his request and need for reasonable accommodations as described in Paragraphs 15 through 20, and 69

1   through 82, inclusive.

2   125.     Defendants' policy requiring the completion of the M.D. graduation

3   requirements within eight years, including passing the Step 2 examination, was

4   discriminatory because it purposefully and effectively excluded disabled persons,

5   including Plaintiff from completing their program.

6   126.     Plaintiff's request for reasonable modifications as described in

7   Paragraphs 20, 31, 40, 43, 45, 46, 50, 53, 58, 59, 61 through 65, 67, 69, 72 through

8   75, inclusive, did not make a fundamental or substantial modification to

9   Defendant's program.

10   127.     As a result of the foregoing, Plaintiff JOHN DOE suffered injury,

11   including, but not limited to, denial of equal and meaningful access to the benefits

12   of a public education and exclusion from the UCSD School of Medicine's

13   program. As a direct and proximate result of the aforementioned acts, Plaintiff did

14   not obtain the benefit of the tuition he paid to UCSD School of Medicine, has been

15   prevented from applying to other medical schools, has been prevented from

16   obtaining his medical license, and suffered future loss of earning capacity and

17   future lost wages.

18   128.     Plaintiff seeks equitable relief, nominal, special damages and general

19   damages as well as reasonable attorneys' fees and costs incurred.

20                        **THIRD CLAIM OF RELIEF**
                    **VIOLATIONS OF THE UNRUH ACT**
21                  **(By Plaintiff against All Defendants)**

22   129.     Paragraphs 1 through 128, inclusive, of this Complaint are

23   incorporated by this reference as though fully set forth herein.

24   130.     As defined for purposes of the Unruh Civil Rights Act (the "Unruh

25   Act") by subdivision (e)(1) of section 51 of the Civil Code, and described in

26   Paragraphs 15 through 16, 29 through 31, 35, and 60, inclusive, inclusive, Plaintiff

27   has a disability within the meaning of the Act.

28   131.     Defendant UCSD School of Medicine is a business establishment for

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR DISABILITY DISCRIMINATION**

the purposes of the Unruh Act.

132.     DOE Defendants 1 through 10 are employees of Defendant UCSD School of Medicine and are sued in both their official and individual capacity.

133.     Pursuant to Civil Code §51(f), the ADA violation committed by Defendants as allege in Paragraphs 85 through 105, inclusive, also constitutes a violation of Unruh Act.

134.     Defendant engaged in discriminatory conduct that denied, aided or incited a denial of rights of Plaintiff JOHN DOE to enjoy the full and equal access to his accommodations and Defendants UCSD School of Medicine's facilities, and services.

135.     Defendant's actions excluded Plaintiff from its program.

136.     As described in Paragraphs 14 through 83, inclusive, Defendants' actions were intentional, willful, and affirmatively discriminatory toward Plaintiff's rights under the Unruh Act because Defendant: (1) failed to timely engage in the interactive process to provide Plaintiff reasonable accommodations despite being on notice on or around December 2015 that he needed the accommodations based on his injuries in the May 2015 motor vehicle accident, being provided the December 10, 2015 Neuropsychological Evaluation, and Plaintiff's request for multiple leave of absences to deal with disability related needs; (2) failed to uniformly provide him reasonable accommodations for his medical examinations at the UCSD School of Medicine even after he was afforded accommodations by the UCSD OSD; (3) affirmatively refused to provide him a reasonable accommodation to extend his time to complete his M.D. graduation requirements despite being on notice that Plaintiff only needed to pass the Step 2 examination to complete his M.D. graduation requirements and/or required three (3) disability leaves of absences which amounted to almost two (2) years of leave; and (4) dismissed Plaintiff abruptly and without discussion or compromise to the internal graduation policy despite the NBME allowing students four opportunities

1  to take each Step examination, and 10 years to complete all Step examinations.

2  137.    As a result of the foregoing, Plaintiff JOHN DOE suffered injury,

3  including, but not limited to, denial of full and equal access to the UCSD School of

4  Medicine's program. As a direct and proximate result of the aforementioned acts,

5  Plaintiff experienced significant emotional distress that exacerbated his conditions,

6  did not obtain the benefit of the tuition he paid to UCSD School of Medicine, has

7  been prevented from applying to other medical schools, has been prevented from

8  obtaining his medical license, and suffered future loss of earning capacity and

9  future lost wages.

10  138.    Plaintiff seeks statutory damages under Civil Code §52(a), including

11  treble damages, nominal, special damages and general damages as well as

12  reasonable attorneys' fees and costs incurred.

13  **FOURTH CLAIM OF RELIEF**
**VIOLATIONS OF CALIFORNIA GOVERNMENT CODE §11135**

14  **(By Plaintiff against All Defendants)**

15  139.    Paragraphs 1 through 138, inclusive, of this Complaint are

16  incorporated by this reference as though fully set forth herein.

17  140.    California Government Code § 11135 states in relevant part that "[N]o

18  person in the State of California shall on the basis of sex, race, color, religion,

19  ancestry, national origin, ethnic group identification, age, mental disability,

20  physical disability, medical condition, genetic information, marital status, or sexual

21  orientation, be unlawfully denied full and equal access to the benefits of, or be

22  unlawfully subjected to discrimination under, any program or activity that is

23  conducted, operated, or administered by the state or by any state agency, is funded

24  directly by the state, or receives any financial assistance from the state."

25  141.    At all times relevant to this action, Plaintiff was and is a qualified

26  individual within the meaning of the California Government Code § 11135.

27  142.    At all times relevant, Defendant UCSD School of Medicine receives

28  financial assistance from the State of California within the meaning of Government

Code §11135 et seq.

143.     California Government Code § 11135(b) incorporated the protections and prohibitions contained in the ADA and its implementing regulations.

144.     Defendants have violated California Government Code Section 11135 in that the conduct alleged herein constitutes a violation of the ADA, Section 504 of the Rehabilitation Act, and the Unruh Civil Rights Act.

145.     Defendants have failed to provide Plaintiff with full and equal access to their facilities, programs, services and activities as required by California Government Code § 11135 et seq.

146.     As a proximate result of Defendants' violation of California Government code § 11135, Plaintiff has been injured as set forth herein.

147.     Plaintiff seeks equitable relief, nominal, special damages and general damages as well as reasonable attorneys' fees and costs incurred.

## PRAYERS

WHEREFORE, Plaintiff prays judgment as follows:

1.  On FIRST CLAIM FOR RELIEF, Plaintiff seeks equitable relief in the form of an injunction compelling Defendants to comply with the ADA in providing reasonable modifications for Students who require additional time to complete the M.D. graduation requirements, and an injunction requiring Defendants to reinstate Plaintiff as an active student to allow him two more opportunities to take the Step 2 examination before June 2024, or in the alternative, an injunction allowing Plaintiff to graduate from UCSD School of Medicine without passing the Step 2 examinations. In addition, Plaintiff seeks nominal, special damages and general damages as well as reasonable attorneys' fees.;

2.  On SECOND CLAIM FOR RELIEF, Plaintiff seeks equitable relief in the form of an injunction compelling Defendants to comply with the 504 in providing reasonable accommodations for Students who require additional

time to complete the M.D. graduation requirements, and an injunction requiring Defendants to reinstate Plaintiff as an active student to allow him two more opportunities to take the Step 2 examination before June 2024, or in the alternative, an injunction allowing Plaintiff to graduate from UCSD School of Medicine without passing the Step 2 examinations. In addition, Plaintiff seeks nominal, special damages and general damages as well as reasonable attorneys' fees.;

3. On THIRD CLAIM FOR RELIEF, Plaintiff seeks statutory damages, general damages, treble damages, and reasonable attorney fees.;

4. On FOURTH CLAIM FOR RELIEF, Plaintiff seeks equitable relief in the form of an injunction requiring Defendants to reinstate Plaintiff as an active student to allow him two more opportunities to take the Step 2 examination before June 2024, or in the alternative, an injunction allowing Plaintiff to graduate from UCSD School of Medicine without passing the Step 2 examinations. In addition, Plaintiff seeks nominal, special damages and general damages as well as reasonable attorneys' fees.;

5. For ordinary costs of litigation; and

6. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: August 31, 2022                    LAW OFFICE OF HIRJI & CHAU, LLP

_____

Alexander F. Rodriguez

Attorney for Plaintiff

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR DISABILITY DISCRIMINATION**